**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| AFSHIN BAHRAMPOUR,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA AND BARACK OBAMA, *et al.*,<br><br>    Defendants. | Case No. 2:15–cv–1194–MMD–VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (#1)<br>COMPLAINT (#1-1)<br>SUPPLEMENT (#2) |

This matter involves Afshin Bahrampour's civil-right action against the United States of America, Barack Obama, the Director of National Intelligence, NSA Agents, Federal Communications Commission, Justice Department, Nevada District Attorney's Office, Nevada Legislatures, and CIA Agents. *See generally* (Compl. #1-1[1]). Before the court is Mr. Bahrampour's Application to Proceed *In Forma Pauperis*, Complaint, and Supplement. For the reasons stated below, Mr. Bahrampour's Application to Proceed *In Forma Pauperis* is granted, his complaint should be dismissed with prejudice, and his supplement is stricken.

**I.**   ***In Forma Pauperis* Applications**

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under

---

[1] Parenthetical citations refer to the court's docket.

1

28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Here, Bahrampour's Application to Proceed *In Forma Pauperis* states that he is self-employed, has no income, and has no money in a bank account. Accordingly, Bahrampour's Application to Proceed *In Forma Pauperis* is granted.

## II.     Section 1915(e) Screening

Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). The court's review is guided by two Federal Rule of Civil Procedure 8.

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they

are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If a court dismisses a complaint under § 1915(e) for failing to comply with Rule 8's requirements, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### III. Analysis

Bahrampour's complaint states three causes of action. Count one alleges that,

> The United States of America and the President are responsible for applying applicable domestic and international laws or treaties the United States are obligated to. The Outer Space Treaty allows nations to inquire into the use of devices placed there by member nations. Article IX of the Outer Space Treaty: "A State Party to the treaty which has reason to believe that an activity or experiment planned by another State Party . . ., would cause potentially harmful interference with activities in the peaceful exploration and use of outer space . . . may request consultation concerning the activity or experiment."
> 1) WMD
> 2) Conv. Weapon (Judicial Notice)
> 3) Medical Exp.

(Compl. (#1-1) at 1–2). Count two alleges that "1–16,500 NSA agents are responsible for NSA Nueral Remote Monitoring (NRM) from Ft. Meade on (SIGNIT) Signals Intelligence Network that have harassed, tormented me psychologically followed me via EMF, etc. that caused a violation under civil rights § 1983 under color of law to my 14th Amend-ment rights & 4th or free speech and due process privacy." (*Id*. at

2–3). Count three alleges that "FCC does violate my civil rights by allowing NSA/CIA to use the 3hz–50hz frequencies that the human brain uses for EMP waves and its own purposes." (*Id.* at 3).

To state a claim under section 1983, a plaintiff must plausibly show "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Stated differently, courts have required plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." G*ibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

To the extent that Bahrampour provides allegations in support of the elements of a section 1983 claim, the allegations are conclusory. Because it is clear from the face of the complaint that the deficiencies cannot be cured by amendment, Bahrampour's complaint should be dismissed with prejudice. *See Cato*, 70 F.3d at 1106.

Finally, the court strikes Bahrampour's Supplement, which is a duplicate copy of his Application to Proceed In *Forma Pauperis*. *See Metzger v. Hussman*, 682 F. Supp. 1109, 1110 (D. Nev. 1988) (discussing the court's inherent power to strike documents in order to manage its docket).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Bahrampour's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS FURTHER ORDERED that Bahrampour's Supplement (#2) be STRICKEN.

IT IS RECOMMENDED that Bahrampour's Complaint (#1-1) be DISMISSED with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 8th day of July, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE